IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY RYLEE, et al.,

        Plaintiffs,                No. CIV S-05-0250 DFL GGH PS

    vs.

HUMBOLDT COUNTY
BOARD OF SUPERVISORS, et al.,

        Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Previously pending on this court's law and motion calendar for January 5, 2006, was defendants' motion to dismiss and amended motion to dismiss filed November 14, 2005 and November 15, 2005, respectively. Plaintiff,[1] proceeding pro se, has not filed an opposition and did not appear at hearing. Defense counsel was present. Upon review of the motion and the documents in support, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        Local Rule 78-230(c) provides that opposition to the granting of a motion must be filed fourteen days preceding the noticed hearing date. The Rule further provides that "[n]o party

---

[1] Plaintiffs Jerry Rylee and Lena M. Rogers served notice of withdrawal for the purposes of seeking counsel on October 4, 2005. The only remaining plaintiff in the case is the Right Reverend Smiley J. Harris.

1

will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party." Pursuant to E. D. Local Rule 78-230(j), failure to appear at the hearing is deemed a statement of non-opposition to the granting of the motion and may result in sanctions. Local Rule 11-110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Finally, Local Rule 83-183, governing persons appearing in propria persona, provides that persons representing themselves are bound by the Federal Rules and the Local Rules and failure to comply therewith may be ground for dismissal, judgment by default, or other appropriate sanction.

Plaintiff has filed no opposition to defendants' motion, although court records reflect plaintiff was properly served with notice of the hearing date at plaintiff's address of record. Plaintiff also failed to appear at the hearing. Pursuant to local rules, therefore, the court deems the failure to file an opposition as a non-opposition to the pending motion.

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).[2] The court should consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir.1986) .

In recommending that this action be dismissed, the court has considered the factors set forth in Ghazali. "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are

---

[2] Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction of dismissal. See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (setting forth same factors for consideration as Ghazali).

prejudice and availability of lesser sanctions." <u>Wanderer v. Johnston</u>, 910 F.2d 652, 656 (9th Cir.1990). Defendants are prejudiced by an inability to reply to opposition and the costs and effort they expend responding to complaints which plaintiff does not appear to value enough. Moreover, delay is nearly always prejudicial.

Furthermore, a district court may dismiss an action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 633 (1962); <u>McKeever v. Block</u>, 932 F.2d 795, 797 (9th Cir. 1991). The public's interest in expeditious resolution of litigation and the court's need to manage its docket direct that this case be dismissed. The plaintiff failed to reply to defendant's motion within the prescribed time period; however, the court was prepared to hear argument on January 5, 2005 in the event plaintiff appeared. As a result, plaintiff has had no less than 52 days to prepare their motion and appear in court. Plaintiff has failed to prosecute this action.

The court therefore concludes that there is no suitable less drastic sanction. Plaintiff has had ample time to prepare and respond to defendant's motion. No lesser sanction is available which will further the needs of justice and ensure compliance by plaintiff in this matter.

Moreover, the court has reviewed defendants' motion, and finds that it has merit.

Accordingly, IT IS RECOMMENDED that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are

/////

/////

1  advised that failure to file objections within the specified time may waive the right to appeal the
2  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: 1/31/06

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

5  GGH:kr
rylee250.mdm.wpd